## T. EWING MILLER v. ALICE MADDEN, et al.

IMPROPER TAX SALE; *Injunction; Insufficient Tender of Taxes.* Where two lots of land were assessed in 1880 for taxation, separately, and at different valuations, and were advertised in the same manner, but were not offered separately at the tax sale, but instead thereof were improperly sold as one tract only, and subsequently the owner of the lots brings an action to enjoin the issuance of a tax deed on account of the irregular sale, *held,* that before he is entitled to the injunction prayed for, he must pay or tender the full amount of taxes and charges, with interest thereon at the rate of twenty-four per cent. per annum. (Comp. Laws of 1879, ch. 107, § 127.) *Held, further,* That the owner of the lots so sold for taxes cannot redeem his lots or enjoin the issuance of a tax deed on the tax sale by tendering the taxes and charges with only ten per cent. interest thereon, even if he first calls the attention of the board of county commissioners of his county to the error or irregularity existing in the tax sale, and applies to the board for an order directing the county clerk not to convey the lots, if such application is refused by the board and no order made concerning the return of the tax certificate, or the setting of the same aside.

*Error from Montgomery District Court.*

THE opinion states the nature of the action, and the facts. To plaintiff's petition defendants *Madden* and *Conrad* filed a demurrer, which on April 3, 1885, was sustained by the court. The plaintiff *Miller* brings the case to this court.

*J. D. McCue,* for plaintiff in error.

*Wm. Dunkin,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: Miller filed his petition against Alice Madden, and H. W. Conrad as county clerk of Montgomery county, alleging, among other things, that he is the owner of lots eight and nine in block fifty-four, in the city of Independence, in that county; that lot eight was assessed for taxation in 1880 at $1,000, and lot nine at $1,105; that the lots were advertised in the tax list in the same manner; that in September, 1881, the lots were sold together to the defendant, Alice Madden, for the delinquent taxes of 1880; that afterward Alice Madden paid the delinquent taxes on the lots for 1881, 1882, and 1883, and had the same indorsed on her tax certificate; that in July, 1884, the plaintiff appeared before the board of county commissioners of his county and called to their attention the fact that the lots had been assessed separately and improperly sold together for the taxes of 1880; that he asked the board, for this error or irregularity, under the provisions of § 145, ch. 107, Comp. Laws of 1879, to order the county clerk not to convey the lots; that the board refused to make the order; that on August 7, 1884, he tendered to D. Madden, for Alice Madden, and also the treasurer of his county, all the taxes, penalties and costs due thereon, with interest on the amount at the rate of ten per cent. per annum.

The defendants filed a demurrer to the petition, which, upon the hearing thereof, was sustained by the court. The plaintiff elected to stand by his petition, and brings the case here.

The question presented is, conceding the facts stated in the

petition are sufficient to avoid the tax-sale certificates issued upon the sale of the lots, is the plaintiff entitled, upon the tender made by him, to an injunction against the issuance of any tax deed? The plaintiff insists that the ten per cent. added to the taxes and charges paid by the purchaser at the tax sale is all that can be required to be refunded, and that his tender was sufficient. The defendants claim that he should have tendered interest upon the taxes and charges at the rate of twenty-four per cent. per annum, and therefore that the tender was insufficient. The plaintiff insists that as he discovered to the board of county commissioners the error or irregularity existing in the tax sale and applied for an order that the county clerk be directed not to convey the lots, and tendered the amount paid upon the sale, together with the subsequent taxes and charges paid thereon, with interest on the amount at the rate of ten per cent. per annum, the board should have granted his application, accepted the money tendered by him, and turned the amount over to Alice Madden. Said § 145 reads as follows:

"If the county treasurer shall discover before the sale of any lands or lots for taxes, that on account of any irregular assessment, or from any other error, such lands ought not to be sold, he shall not offer the same for sale; and if, after any certificate shall have been granted upon any sale, the board of county commissioners shall discover that, for any error or irregularity, such lands or lots ought not to be conveyed, they may order the county clerk not to convey the same, and the county treasurer shall, on the return of the tax certificate with a certified copy of such order of the board of county commissioners, refund the amount paid therefor on such sale, and such of the subsequent taxes and charges paid thereon by the purchaser, or his assigns, as may be so ordered by the board of county commissioners, out of the county treasury, with interest on the amount so ordered refunded, at the rate of ten per cent. per annum; and in all cases in which actions shall be now pending or may be hereafter commenced, the refusal of the county clerk to convey any lands or lots indorsed on any tax certificate shall not be deemed or held to constitute *prima facie* evidence of any irregular assessment or other error for which such land or lots ought not to be conveyed, nor

shall any judgment be recovered against such county, or the board of county commissioners thereof, or liability held to attach therefor, under or by virtue of provisions of said section one hundred and forty-five, as heretofore or hereafter existing, or of section one hundred and twenty of chapter one hundred and seven of the general statutes, except in cases in which the board of county commissioners shall have made an order for the refunding thereof, and then only for the amount specified in the order for such refunding, and in all cases in which invalid taxes shall be included in such certificate, and only to the extent of such invalid taxes, with ten per cent. interest thereon."

We need not decide, however, in this case, whether the granting of the order applied for was a matter of discretion, or a matter of absolute right. The board of county commissioners made no order for the county clerk not to convey the lots. The county treasurer did not refund to Alice Madden the amount paid by her on the tax sale, or any other sum. The board of county commissioners made no order for the treasurer to pay to her any moneys whatever. If the plaintiff was entitled to the order he sought from the board of county commissioners, his remedy is by mandamus, not injunction. If the board has not performed its duty he must seek another remedy than injunction. In any view, injunction will not lie in such a case as this, where the antecedent statutory relief has been refused by the board. The case, therefore, stands as if the plaintiff never made any application to the county board for an order to the county clerk not to convey the lots. It is the same as if the board of county commissioners had never discovered any error or irregularity in the tax sale complained of.

The tender made was insufficient, and the demurrer to the petition was properly sustained. (*Gulf Rld. Co. v. Morris*, 7 Kas. 211; *Hagaman v. Comm'rs of Cloud Co.*, 19 id. 394; *Wilson v. Longendyke*, 32 id. 267; *Knox v. Dunn*, 22 id. 683.)

The judgment of the district court will therefore be affirmed.

All the Justices concurring.